OPINION OF THE COURT
Eugene M. Hanofee, J.
Defendant moves, by notice of motion dated August 14, 1987, for an order suppressing, as evidence, a letter seized from his cell at the Sullivan Correctional Facility on or about November 12, 1986. The letter in question was a letter that the defendant had written to his wife and was seized as a result of a search of defendant’s cell on November 12, 1986 at *144 approximately 8:30 a.m. The property was seized by Correction Officer Pingotti and Correction Officer Collins.
This defendant is currently charged with escape in the first degree, which crime allegedly took place on or about November 11, 1986, between the hours of 5:00 p.m. in the afternoon and 11:00 p.m. at the Sullivan Correctional Facility Annex, wherein the defendant, Gregory Raney, was an inmate. It appears that the defendant was missing from the 11:00 p.m. count which took place on or about November 11, 1986 and as a result of a search of the facility’s grounds, the defendant was apprehended. A search was made of defendant’s cell on or about November 12, 1986 at approximately 8:00 a.m. by correctional personnel. While the defendant’s belongings were being packed up, the letter in question was discovered and ultimately turned over to either the District Attorney’s office or police personnel. It appears from the papers that the search of defendant’s cell was made pursuant to New York State Department of Correctional Services directives and not at the request of any police agencies. The court is fully familiar with this file and understands that the defendant was, in fact, apprehended on the correctional facility’s grounds, by correctional personnel.
There is no doubt that the facts present in this case deal with security at a New York State correctional facility. There is a line of cases decided by the Supreme Court which include Hudson v Palmer (468 US 517) and Bell v Wolfish (441 US 520) which hold that the constitutional rights which would otherwise be accorded prisoners give way when in conflict with the security needs of the prison. The Supreme Court of the United States in Hudson v Palmer specifically held that: "[SJociety is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions.” (Supra, at 526.) In this case, the defendant was found in an area that he was not authorized to be in, was not in attendance at a count at 11:00 p.m. on November 11, 1986, and was found in an area wherein his tracks led to the fence surrounding the facility with tracks on the other side of the fence as well. It is clear that the Department of Correctional Services, in order to maintain *145 prison security, is authorized to search this inmate’s cell. The court does not have before it a situation wherein the inmate is claiming that he is being harassed and, accordingly, is arguing that is the basis that his constitutional rights are being infringed upon. The court has before it a clear situation wherein the Department of Correctional Services was attempting to maintain prison security and, accordingly, searched the defendant’s cell.
The court finds, based upon the holding in Hudson v Palmer (supra), and based upon the facts that are currently before it, that there is no hearing necessary and defendant’s application to have the letter suppressed is denied.